UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**OLIUS AUGUSTIN,**

    **Plaintiff,**

v.   Case No.  8:09-cv-2086-T-TBM

**MICHAEL J. ASTRUE,**
**Commissioner of the United States**
**Social Security Administration,**

    **Defendant.**
_____/

# O R D E R

The Plaintiff seeks judicial review of the denial of his claim for Social Security disability benefits and Supplemental Security Income payments.  The Plaintiff urges that his case be reversed and remanded for further consideration because the ALJ erred in her credibility finding by making her decision on an incomplete record and posed an incomplete hypothetical question to the vocational expert.  For the reasons set out herein, the decision is affirmed.

A.

Plaintiff was fifty-five years of age at the time of his administrative hearing in January 2009.  Plaintiff has ten years schooling in Haiti and schooling in the U.S. to learn English.  His past relevant work includes work as a security guard, truss assembler, material handler, bakery worker, construction worker, and laundry worker.  Plaintiff applied for

disability benefits and SSI benefits in April 2008, alleging disability as of December 31, 2006, by reason of toe pain, knee pain, low back pain, wrist pain, shoulder pain, and problems with his eyes. The Plaintiff's applications were denied originally and on reconsideration.

A de novo hearing was conducted by an Administrative Law Judge (ALJ) on January 15, 2009. Plaintiff, who was represented at the hearing by counsel, testified that he is unable to work because of pain in his right toe, left knee, low back, right shoulder, right temple, and problems with his eyes which make his vision "foggy." He also has pain and difficulty urinating. Plaintiff injured his toe while working at a bakery in 1999. He was off work until 2002 and when he returned, he worked various jobs part-time. By his account, his assorted pains prevent him from doing anything. He takes medication that helps sometimes with the pain.

Plaintiff estimated he can walk a couple of blocks, or for 5 to 15 minutes. He can sit but it hurts his back. He can stand for 10 to 12 minutes before he has pain. He can lift 10 pounds. Bending hurts as well. He watches television during the day. He cannot do household chores because of his pain. He is unable to help his children with their school work. (R. 21-38).

The ALJ next took testimony from William Harvey, a vocational expert (VE). In pertinent part, the VE testified on a hypothetical question which assumed a person of Plaintiff's age, education, and work history capable of light exertional work with a number of limitations to account for left knee and right toe pain and right shoulder pain but no work around unprotected heights. On such hypothetical, the individual could perform Plaintiff's

2

past relevant work as a security guard. If such person also needed a couple of unscheduled breaks during the morning and afternoon, no such work would be available. After some discussion, the record was left open for further submissions of medical records by Plaintiff. (R. 38-43).

Also before the ALJ were medical records outlining the Plaintiff's medical history. These matters are addressed adequately by the parties' memoranda and are set forth herein as necessary.

By her decision of May 26, 2009, the ALJ determined that while Plaintiff has severe impairments related to lumbago, cervicalgia, and osteoarthritis of the patellofemoral joint and metatarsals, he nonetheless had the residual functional capacity to perform a full range of light work. Upon this finding and the testimony of the VE, the ALJ concluded that Plaintiff could perform his past work as a security guard and laborer. Upon this conclusion, the Plaintiff was determined to be not disabled. (R. 9-16). The Appeals Council denied Plaintiff's request for review.

B.

In order to be entitled to Social Security disability benefits and Supplemental Security Income payments a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are

3

demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id.* at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that

the claimant is not disabled.  *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

The scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied.  42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

### C.

Plaintiff first contends that the ALJ failed to properly discount his subjective testimony that he needed to urinate frequently by failing to make adequate inquiry into such testimony and the medical record.  He urges that the ALJ's single conclusory statement discounting his testimony regarding the intensity, persistence and limiting effects of his symptoms is insufficient, citing SSR 96-7p and *Canton v. Bowen*, 858 F.2d 1541 (11th Cir. 1988).  By his second claim, Plaintiff urges that the hypothetical question to the VE was not consistent with the medical record and Plaintiff's testimony concerning his need for frequent urination.  More particularly, the hypothetical assumed no limitation for this condition and therefore was incomplete.  On both claims, he urges the court reverse and remand the decision for further consideration.  (Doc. 20 at 5-10).

In response, the Commissioner urges that the ALJ applied this circuit's "pain standard" and properly discounted Plaintiff's subjective complaints on the bases of the objective evidence which did not support his claims and because the conservative treatment history suggested he could do more than he claimed.  He notes further that Plaintiff did not

base his disability on urinary frequency and in fact did not testify that he had a problem with urinary frequency. Further, his attorney made no effort to identify any limitations caused by such condition. In the circumstances, the ALJ can hardly be criticized for failing to address a matter not raised. As for the hypothetical to the VE, the Commissioner urges that because the record does not establish any functional limitations related to urinary frequency, the ALJ had no duty to include such a limitation in his hypothetical to the VE. (Doc. 21 at 5-9).

After full consideration of the decision in light of the medical evidence, I conclude Plaintiff is not entitled to relief on these claims. First, the Commissioner is correct that Plaintiff did not claim to be disabled by reason of urinary frequency, and significantly, he did not claim this condition caused him problems at the hearing. Instead, he related that he had problems trying to go to the bathroom saying, "[w]hen I try to urine that take time." (R. 36). He also complained of pain in his "privates" but that he took a pill for that and it helped. *Id.*

While Plaintiff now criticizes the ALJ for failing to develop the record on his urinary frequency and for making a credibility finding on the same without adequate record, I agree with the Commissioner that the ALJ can hardly be criticized for such when Plaintiff gave no indication that it was a problem that needed to be addressed. This is especially so since Plaintiff's own counsel made no effort whatsoever to develop this evidence at the hearing either. Furthermore, a review of the medical record reveals only minimal evidence of the condition and no support that it was functionally limiting when treated. Thus, in records from December 2007 and May 2008, Dr. Mahesh Patel, M.D., noted Plaintiff's complaint that "he goes to the bathroom frequently." (R. 144-45). Examination revealed right scrotal swelling

consistent with hydrocele and an enlarged prostate. The impression was for right hydrocele and BPH (Benign Prostatic Hyperplasia). He was prescribed medication and reportedly responded well to the same. He was advised to return to the doctor in January 2009. *Id*. While the records from Dr. Patel's examination are not expressly cited, the condition was not completely ignored as the ALJ noted the records from the Lee Davis Health Center which addressed Plaintiff's complaints of erectile dysfunction from prostatic hydrocele "which has little to do with legitimate employment in the absence of cancer or major incontinence." (R. 12).[1] Thus, I cannot agree that the ALJ did not properly consider Plaintiff's urinary tract problems to the extent revealed and in light of the claims actually made by Plaintiff.

As for the ALJ's decision to discount Plaintiff's subjective testimony, the record not only reveals that Plaintiff and his counsel were given a full and fair opportunity to develop the whole of Plaintiff's subjective symptoms and the medical record but also that to the extent that they did so, it was adequately discounted by the ALJ in accordance with the applicable standard [2] and SSR96-7p.

---

[1] A thorough review of the medical evidence lends practically no support for the claim of urinary frequency. Neither the community health records nor records from other examiners reveal the condition. Apart from that noted by Dr. Patel, there are no complaints of the condition in the reports from Dr. Franscisco Gomez, M.D., (R. 225-28), nor reference to the condition in the portion of an IME by Dr. Jorge Chaumont, M.D., of record (R. 223, 230-31). In his initial evaluation by Dr. Jorge Leal, M.D., he makes no complaint about the problem and he expressly denied any bladder or bowel incontinence. (R. 375).

[2] In the Eleventh Circuit, subjective complaints such as pain, fatigue or dizziness are governed by a three-part "pain standard" that applies when a claimant attempts to establish disability through subjective symptoms. By this standard, there must be evidence of an underlying medical condition and either objective medical evidence that confirms the severity of the alleged symptom arising from the condition or evidence that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the

Contrary to Plaintiff's assertion, the ALJ did more than render a single conclusory statement in finding the subjective evidence from Plaintiff to be overstated. Thus, after crediting Plaintiff with conditions which could be expected to cause his symptoms, the decision reflects the following conclusions by the ALJ:

> The applicant was not (completely) believable. Much of his care has been directed to very minor findings like his reproductive tract and visual lacrimose condition. He has failed to justify any real arm trouble. SSR 96-4p. The claimant did not appear in gross medical/physical stress at the hearing, insofar as lay observation could indicate. He did not present supportive testimony at the hearing from lay witnesses. He has not needed surgery, epidural blocks, morphine pump, transneuronal stimulation or formal pain management. There is a half year gap in treatment since September 2008. 20 CFR 404.1530/416.930. At home, he does some chores and driving consistent with light work (ambulation, use of the arms). Based on the totality of these combined discrepancies, the claimant's veracity is not fully established, and should not preclude the physical/mental exertion described above, . . . . Accordingly, the appellant should be capable of doing the ambulation, postures, and lifting/pushing/pulling outlined in this Finding.
>
> In sum, the above residual functional capacity assessment is supported by the paucity of the findings. Mr. Augustin has only routine clinic visits, with no in-patient stays or invasive treatment. The above roentgenography has been mild in findings. As for the opinion evidence, there is very little, if any supportive discussion on limitations. Hence, the unfavorable vocational profile seems overcome by the minimal or fewer indications of disease or injury effects. (R. 13-14).

Upon my review of the entire medical record, I find that the ALJ's reliance on the lack of objective or clinical support for Plaintiff's subjective claims fully supported by that record. The clinical and objective findings were generally benign. Radiographic and MRI studies

---

alleged pain. *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (citing *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)). If the ALJ determines not to credit subjective testimony, he must articulate explicit and adequate reasons for his decision. *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995); *Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1532 (11th Cir. 1991).

revealed nothing to support serious limitations in the wrists, arms, or shoulders. Regarding the spine, the findings at most revealed mild degenerative changes. *See e.g.* (R. 147-50, 175, 177-80, 216). Treatment is best described as conservative. As noted, under the applicable standard, an ALJ may discount the subjective testimony by articulating adequate and explicit reasons for doing so. Here, I conclude that the ALJ has done so.

I also agree with the Commissioner that because the evidence did not support limitations in connection with Plaintiff's purported urinary frequency, the ALJ was not obliged to include any limitations in his hypothetical to the VE. *See Crawford v. Comm;'r of Social Security*, 363 F.3d 1155, 1161 (11th Cir. 2004) ("In any event, the ALJ was not required to include findings in the hypothetical that the ALJ had properly rejected as unsupported."). As stated above, Plaintiff made no claims to any limitations and the medical evidence from Dr. Patel reveals that the problems Plaintiff was experiencing responded well to medication. By the time he visited Dr. Leal, he had no complaints. Thus, I find no error in the questioning of the VE which requires a remand.[3]

D.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is

---

[3]It is worth noting again that Plaintiff was represented by counsel at the administrative hearing. Had he believed urinary infrequency was an issue, he should have fully inquired of the same with the VE. While I recognize the duty on the ALJ to develop a full and fair record, counsel too bears some responsibility in presenting his client's case to assure that no pertinent matters are overlooked. It is inappropriate for these type issues to be raised for the first time in this court. That alone is basis for denial of the claims. *See Alacare Home Health Services, Inc., v. Sullivan,* 891 F.2d 850, 855 n.5 (11th Cir. 1990).

otherwise supported by substantial evidence. The decision is affirmed. Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the file.

**Done and Ordered** at Tampa, Florida, this 13th day of January 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record